UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HELENA C. BURKENTIN And DUANE B. BURKENTINE, Wife and Husband 20 Dunbar Road Newark, DE 19711, | : : : : : : | CIVIL ACTION NO. 14 4737 |
| Plaintiffs, v. | : : : : | |
| PHILADELPHIA INTERNATIONAL AIRPORT 8800 Essington Avenue Philadelphia, PA 19153 AND THE CITY OF PHILADELPHIA 1515 Arch Street, 14th Floor Philadelphia, PA 19102, | : : : : : : : : : | COMPLAINT |
| Defendants | : | |

Plaintiffs, Helena C. Burkentine and Duane B. Burkentine, complaining of the defendants Philadelphia International Airport and The City of Philadelphia by and through their attorney The Law Offices of J. Patrick Holahan, II, & Associates, LLC respectfully allege as follows:

### JURISDICTION OF VENUE

Jurisdiction of this action is conferred upon the Court by 28 U.S.C. §1332, Diversity of Citizenship, in that the Plaintiff is a citizen of the state of Delaware and Defendants are citizens of the Commonwealth of Pennsylvania and the amount in controversy is in excess of $75,000.00. Venue is proper in this district pursuant to 28 U.S.C. §1391(a) in that the cause of action arose in this district.

### PARTIES

1. Plaintiffs, Helena C. Burkentine and Duane B. Burkentine are adult individuals, citizens of the state of Delaware, with a place of residence located at 20 Dunbar Road, Newark, New Castle County, DE.

2. Defendant, Philadelphia International Airport, is a major airport duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with its principal office located at 8800 Essington Avenue, Philadelphia, Pennsylvania.

3. Defendant, the City of Philadelphia, is a municipal corporation duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with its principal office located at Law Department, 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

4. On or about August 27, 2012, and at all time herein, the defendants, Philadelphia International Airport and the City of Philadelphia, each of them owned and/or leased, and by their agents, servants, workmen and/employees, maintained, supervised, inspected and controlled the premises known as Philadelphia International Airport and all common walkway area, floors, hallways leading to and from the airport located at the aforesaid address, and they were under the primary inspection, supervision, possession, repair, maintenance and control of the defendants.

5. On or about August 27, 2012, and at all times herein, the defendants, and each of them, owned and/or leased, and by their agents, servants, workmen and/or employees, maintained, supervised, inspected and controlled the premises known as the Philadelphia International Airport and all of the aforesaid walkway/area/floors/hallways of the premises located at the aforesaid address under the primary inspection, supervision, possession, repair, maintenance and control of the named defendants.

6. At the times and place aforesaid, plaintiff, Helena C. Burkentine, was a business invitee lawfully upon the premises of the defendants.

7. At the time and place aforesaid, the defendants, and each of them, by their agents, servants, workmen and/or employees, were under a duty to keep, inspect, possess, supervise, maintain and repair said common walkway/area/floor/hallways at the Philadelphia International Airport, in a safe condition for those lawfully upon the premises.

8. Notwithstanding this duty, the defendants, and each of them, by and through their agents, servants, workmen and/or employees, did on the date aforesaid, and for some time prior thereto, carelessly, recklessly and negligently permit and allow the common walkway/area/floor/hallways of the said premises to be, become and remain in a highly dangerous, defective and unsafe condition located on the said premises.

9. On the aforesaid date and time, while plaintiff, Helena C. Burkentine, was a lawful pedestrian on the common walkway/area/floor/hallway of the aforesaid premises of the defendants, she was caused to slip, trip, stumble and fall by reason of coming into contact with water on the floor in the hallway/walkway area of the international terminal area as a result of water leaking from the roof of the airport and allowed to puddle on the walkway which created a dangerous, defective and unsafe condition, as a result of which, plaintiff sustained permanent loss of bodily function and serious and permanent personal injuries hereinafter more specifically set forth.

10. Plaintiff avers that defendants, and each of them, by their agents, servants, workmen and/or employees, had or should have had notice of the existence of the said dangerous, defective and unsafe condition upon the premises above-mentioned prior to the happening of the said accident, and allowed this dangerous, defective and unsafe condition to exist for an unreasonable period of time.

11. At the time and place aforesaid, the carelessness, recklessness and negligence of defendants, and each of them, consisted of the following:

(a) Failing to properly maintain and inspect the common walkway/area/floor/hallway of the aforesaid premises;

(b) Failing to properly supervise and maintain the common walkway/area/floor/hallway of the aforesaid premises;

(c) Failing to give proper and sufficient warning and notice to the plaintiff of the highly dangerous, defective and unsafe condition located on the aforesaid premises;

(d) Disregarding the rights and safety of the plaintiff and other persons who are business invitees lawfully on the premises of the defendants;

(e) Allowing the floor of the said premises to remain in a dangerous, defective and unsafe condition;

(f) Failing to use reasonable prudence and care to keep the common walkway/area/floor/hallway of the said premises in a safe condition;

(g) Failing to instruct their employees as to the proper care, maintenance and control of the said common walkway/area/floor/hallway of the said premises;

(h) Failing to give proper instruction to the maintenance crew on the proper placement of the CAUTION/SLIPPERY WHEN WET SIGNS;

(i) Failing to place CAUTION/SLIPPERY WHEN WET SIGNS in an effort to warn patrons of the hazards of a slippery floor;

(j) Failing to give proper instruction to the maintenance crew for periodic inspection to check on the CAUTION/SLIPPERY WHEN WET SIN to ensure they have not shifted with foot traffic;

(k) Failing to supervise, control and enforce the tenants and the subtenants maintenance of said premises;

(l) Other acts of negligence discovered during the course and scope of discovery; and

(m) Failing to instruct their employees as to the proper care, maintenance and control of said common walkway/area/floor/bathroom of said premises.

COUNT I
PLAINTIFF, HELENA BURKENTINE
V.
ALL DEFENDANTS

12. Plaintiff, Helena C. Burkentine, incorporates herein by reference the averments contained in paragraphs 1 through 11 inclusive, as fully as though the same were herein set forth at length.

13. Solely as a result of the aforesaid negligence, carelessness and recklessness of the defendants, and each of them, as aforesaid, plaintiff, Helena C. Burkentine, sustained severe and permanent internal and external injuries in and about the head, body, and limbs. She has in the past required and will in the future continue to require medicines, medical care and attention; she has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; she has in the past and will in the future continue to be disabled from performing her usual duties and avocations.

14. As a result of the accident aforesaid, plaintiff, Helena C. Burkentine, has and will hereinafter incur additional financial expenses or losses, which will exceed amounts which plaintiff may otherwise be entitled to recover under the Pennsylvania Financial Responsibility Act.

15. Plaintiff, Helena C. Burkentine, avers that as a direct result of the carelessness, recklessness and negligence of the defendants, Philadelphia International Airport and the City of

Philadelphia, as aforesaid, she has sustained injuries, as a result of which, she has been required and obliged to receive and undergo medical attention and care, and will incur various medical expenses, to which plaintiff is entitled to recover.

16. Further, by reason of the aforesaid, plaintiff, Helena C. Burkentine, has been obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treatment and cure herself of said injuries, and will be obliged to expend additional sums of money for the same purposes in the future, all to her great financial damage and loss.

17. Further, by reason of the aforesaid, plaintiff, Helena C. Burkentine, will in the future, be obligated to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure herself said injuries sustained as the result of the incident, all to her great financial damage and loss.

18. Plaintiff avers that the injuries and damages sustained as a result of this incident were caused solely by the negligence of the defendants, and each of them as hereinbefore set forth.

WHEREFORE, Plaintiffs, Helena C. Burkentine and Duane B. Burkentine , demands judgment against the defendants, Philadelphia International Airport and the City of Philadelphia in an amount in excess of $75,000.00 plus interest and costs.

### COUNT II
### PLAINTIFF, DUANE B. BURKENTINE
### V.
### ALL DEFENDANTS

19. Plaintiff, Duane B. Burkentine, incorporates herein by reference the averments contained in paragraphs 1 through 18 inclusive, as fully as though the same were herein set forth at length.

20. As a result of the aforesaid circumstances and negligence of the defendants, Philadelphia International Airport and the City of Philadelphia, Duane B. Burkentine has been and probably will in the future be the deprived of the aid, comfort, society, and consortium of his wife, Helena C. Burkentine.

WHEREFORE plaintiff, Duane B. Burkentine demands judgments against the defendants, Philadelphia International Airport and the City of Philadelphia in an amount in excess of $50,000.00 plus interest and costs.

Law Offices of J. Patrick Holahan, II, & Associates, LLC

By: _____
J. PATRICK HOLAHAN, II, ESQUIRE
928 East Baltimore Pike
PO Box 818
Kennett Square, Pennsylvania 19458-0818
610-444-9795 - phone
610-444-6435 - fax
pat@jpholahan2.com – email
Attorney ID No. 45679

# **VERIFICATION**

Helena C. Burkentine, the Plaintiff in the foregoing pleading hereby states that the facts contained herein are true and correct to the best of his information, knowledge and belief and this Affidavit or Verification is made subject to penalties of 18 PA. C.S.A. §4904 relating to unsworn falsification to authorities.

_____
HELENA C. BURKENTINE

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Helena C. Burkentine and Duane B. Burkentine
20 Dunbar Road
Newark, DE 19711

### DEFENDANTS
Philadelphia International Airport
8800 Essington Avenue
Philadelphia, PA 19153

City of Philadelphia
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

(b) County of Residence of First Listed Plaintiff: New Castle
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
J. Patrick Holahan, II, Esquire
Law Offices of J. Patrick Holahan, II & Associates LLC
928 E. Baltimore Pike
Kennett Square, PA 19348
610-444-9795

Attorneys *(If Known)*
unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1391A
Brief description of cause:
Negligence, slip and fall

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 8·13·14
SIGNATURE OF ATTORNEY OF RECORD: J. [signature] Holahan

AUG 13 2014
S.T.

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 20 Dunbar Road, Newark, DE 19711

**14   4737**

Address of Defendant: Philadelphia International Airport: 8800 Essington Avenue, Philadelphia, PA 19153; City of Philadelphia: 1515 Arch Street, , Philadelphia, PA 19102

Place of Accident, Incident or Transaction: Philadelphia International Airport

(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐    No X

Does this case involve multidistrict litigation possibilities?    Yes ☐    No X

*RELATED CASE, IF ANY*:
Case Number: N/A _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐    No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes ☐    No X

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐    No X

CIVIL: (Place X in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. X Other Personal Injury (Please specify): Slip and fall
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, J. Patrick Holahan, II _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____  _____  45679
             Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

AUG 13 2014

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.
DATE: 8·13·14 _____ _____ 45679
             Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| HELENA BURKENTINE and DUANE B. BURKENTINE, Wife and Husband<br>20 Dunbar Road<br>Newark, DE 19711 | : : : : : | CIVIL ACTION<br><br>NO. 14  4737 |
| Plaintiffs, | : | |
| v. | : : | |
| PHILADELPHIA INTERNATIONAL AIRPORT<br>8800 Essington Avenue<br>Philadelphia, PA 19153<br>and<br>CITY OF PHILADELPHIA,<br>1515 Arch Street<br>Philadelphia, PA 19102 | : : : : : : : : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                                         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                                                      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred
     to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

| | J. Patrick Holahan, II | _Attorney signature_ |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Plaintiffs** |
| (610)444-9795 | (610)444-6435 | legal@jpholahan2.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

AUG 13 2014